IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARLON O. GILARD, # 04420-025,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-537-JPG |
| ) | |
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is a federal inmate currently incarcerated at the United States Penitentiary in Marion. In this *pro se* action, he seeks relief under the Federal Tort Claims Act for medical malpractice of prison medical providers who failed to properly treat him while he was incarcerated at the FCI-Memphis, Tennessee. The complaint further indicates that Plaintiff was treated negligently in the state of Kentucky while in federal custody. He also invokes *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as a basis for his claim. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that portions of Plaintiff's claim survive threshold review under § 1915A.

**The Complaint**

In the introduction to his complaint, Plaintiff asserts that Dr. Edna Prince, a physician at the FCI-Memphis, neglected his medical care. As a result, he required skin grafts on his left hand and suffered disfiguration of the hand, severe pain, and blood clots. These problems were still ongoing as of the date he filed this action (May 9, 2016) (Doc. 1, p. 1). In the body of his narrative, Plaintiff mentions several other prison medical providers who also failed to properly

treat him during his confinement at the Federal Medical Center in Lexington, Kentucky, and describes alleged malpractice that occurred during surgery conducted at the University of Kentucky ("UK") Hospital in Lexington.

Plaintiff states that in January 2007, he had surgery on his leg to replace a femoral artery (Doc. 1, p. 3). He had previously suffered a gunshot wound. In March 2009, while Plaintiff was incarcerated at FCI-Memphis, he began having numbness, swelling, and itching in his foot. Between March 2009 and September 2013, Dr. Prince treated Plaintiff as if he had a back problem, and failed to address the issues with poor circulation in his leg.

In approximately February 2013, Plaintiff was transferred to the Federal Medical Center in Lexington, Kentucky (Doc. 1, p. 4). He told doctors there about the numbness in his foot, as well as swelling, itching, and problems from standing for long periods of time. Dr. Carey did not check further into these problems, but gave Plaintiff a pass for soft shoes and no prolonged standing. Plaintiff continued to request medical attention from other practitioners while his leg pain spread from his foot to his calf and quadriceps. He became unable to walk more than a few minutes without severe pain. Plaintiff alerted DPT Brenner that he had been warned by his original surgeon to report the symptoms he was having, as they could indicate blood clots. However, DPT Brenner dismissed Plaintiff's concerns.

Several weeks went by, during which P.A. Kirby and Dr. Tavakoli examined Plaintiff for blood clots, but took no action. DPT Brenner saw Plaintiff again, whereupon he notified other staff that Plaintiff had a vascular problem. However, DPT Brenner deferred action on the matter until he returned from vacation.

Plaintiff was eventually referred to the UK Hospital, and was told that he had a problem with the artery that had been replaced in his right leg (Doc. 1, p. 7). A scan on September 23,

2013, confirmed that Plaintiff had a blood clot in his knee.

On September 24, 2013, Plaintiff underwent surgery on his leg at the UK Hospital (Doc. 1, p. 3). When he awoke from the surgery, he told doctors that he had severe pain in his left hand, where an arterial line had been put in (Doc. 1, p. 8). Plaintiff's left arm and hand swelled to three times its normal size. He made several attempts to alert medical staff to the severity of his pain, but doctors responded that it was normal, and failed to examine him. When the doctors did not respond to the nurses' calls for attention, two nurses removed the line from his arm in order to save the limb. Plaintiff was returned to surgery, where staff "cut a huge gash" in Plaintiff's arm to reduce the swelling.

On October 10 or 11, 2013, Plaintiff had another surgery to place a skin graft on his left arm (Doc. 1, p. 9). At the time he filed the complaint, Plaintiff stated he does not have any feeling in the fingertips of his left hand, and cannot fully straighten that arm. He also has scarring on his left leg where the skin was removed for the graft (Doc. 1, p. 10).

Plaintiff claims that he still has blood clots in his leg, despite the surgery (Doc. 1, p. 12). On May 9, 2016, he saw a doctor at the Heartland Regional Hospital in Marion. He was told that the blood clot in his right knee is spreading or branching off.

Plaintiff seeks monetary damages for the negligence of the medical staff at FCI-Memphis, FMC-Lexington, and the UK Hospital.

In the complaint, Plaintiff asserts that "It would be futile to, exhaust administrative remedies, because this is a matter for, the United States District Court to resolve" (Doc. 1, p. 2). He attaches 384 pages of exhibits to the complaint, nearly all of which consist of medical records (Docs. 1-1, 1-2, 1-3, 1-4). Nowhere among the exhibits does Plaintiff include a copy of any administrative grievance or tort claim filed with the Bureau of Prisons.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Medical negligence and malpractice claims against Defendant United States of America under the Federal Tort Claims Act, for the actions of its employee(s) at the FCI-Memphis, Tennessee, who delayed and/or failed to render treatment of Plaintiff's foot and leg pain, swelling, and numbness, allowing his condition to worsen;
>
> **Count 2:** Medical negligence and malpractice claims against Defendant United States of America under the Federal Tort Claims Act, for the actions of its employees at the Federal Medical Center at Lexington, Kentucky, who delayed and/or failed to render treatment of Plaintiff's foot and leg pain, swelling, and numbness, allowing his condition to worsen;
>
> **Count 3:** Medical negligence and malpractice claims against Defendant United States of America under the Federal Tort Claims Act, for the actions of the medical providers at the University of Kentucky Hospital, Lexington, whose improper treatment during Plaintiff's surgery caused pain, scarring, and permanent damage to his arm;
>
> **Count 4:** Eighth Amendment deliberate indifference claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against medical providers at FCI-Memphis and the Federal Medical Center-Lexington, arising from their delays and failure to adequately treat Plaintiff's foot and leg symptoms.

Count 1 shall be dismissed with prejudice. Counts 2 and 3 shall proceed for further consideration. Count 4 shall be dismissed without prejudice.

**Exhaustion of Administrative Remedies**

Federal prisoners may bring suit against the United States under the Federal Tort Claims Act ("FTCA") for injuries they sustain while incarcerated. *See Palay v. United States*, 349 F.3d

418, 425 (7th Cir. 2003). However, they must first present the claim to the federal agency responsible for the injury. *Id.* Under the act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Plaintiffs bringing claims under the FTCA generally show exhaustion by filing with their complaint a copy of the "final denial of claim" letter indicating that agency review has been completed and the individual may seek relief in court.

Plaintiff has not supplied the Court with a letter or any other documentation showing that his administrative tort claim has been considered and denied by the Federal Bureau of Prisons. Indeed, his statement that he should not be required to exhaust his administrative remedies (Doc. 1, p. 2) indicates that he has not complied with this requirement.

At this early juncture, the Court will give Plaintiff the benefit of the doubt on the exhaustion matter. However, if further developments in the case show that Plaintiff has failed to exhaust his FTCA claim through the administrative complaint process, this action will be subject to dismissal.

**Counts 1, 2, and 3 – Federal Tort Claims**

Cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omissions constituting negligence or malpractice occurred. *See* 28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978). Therefore, Tennessee law applies to Plaintiff's medical

negligence/malpractice claim in Count 1, which arose from the acts and omissions of the medical officials employed at FCI-Memphis between 2009 and 2013, when Plaintiff was transferred to the Federal Medical Center. Kentucky law must be applied to the claims in Counts 2 and 3, because those tort claims arose from treatment (or the lack thereof) rendered in that state in 2013.

Regardless of which state law applies to the claim, Plaintiff's FTCA action was properly brought in this District. 28 U.S.C. § 1402(b) provides that a civil action on a tort claim under 1346(b) "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." The complaint demonstrates that Plaintiff is housed within the Southern District of Illinois.

### A. Count 1 – Tennessee FTCA Claim

Tennessee statute requires a plaintiff to file a "certificate of good faith" in all medical malpractice cases requiring expert testimony. TENN. CODE ANN. § 29-26-122. In order for a plaintiff to maintain an action seeking damages for health care related malpractice or negligence, he or she must comply with the statute. Section 122(a) outlines the good faith certificate requirement:

> (a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115.

TENN. CODE ANN. § 29-26-122(a).  If a plaintiff fails to comply with the obligation to file the certificate of good faith, the action is subject to dismissal with prejudice.  TENN. CODE ANN. § 29-26-122(c).

In the instant case, Plaintiff has not filed a certificate from an expert to attest that there is a good faith basis to maintain the action.  The nature of his allegations of medical malpractice and negligence – that Dr. Prince at FCI-Memphis delayed treatment and failed to diagnose the cause of the numbness, swelling, and itching in his foot – indicate that expert testimony will be required in a trial.  Plaintiff must therefore comply with the requirements of § 122(a).

The Tennessee Supreme Court has ruled that if a plaintiff fails to file the necessary good faith certificate with his/her complaint, the case is subject to dismissal with prejudice.  *Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015) (failure to comply with statutory requirement warrants dismissal *with* prejudice under § 29-26-122(c)).  Contemporaneous filing of the certificate along with the complaint is required.  *See Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310 (Tenn. 2012).  According to § 122(c), dismissal with prejudice shall be ordered upon a motion to dismiss being filed.  An extension of time to file the certificate may only be granted if a health care provider has failed to timely produce medical records, or "for other good cause shown."  § 29-26-122(c).

As the Defendant herein has not yet been served, no motion to dismiss has been filed in this case.  However, given the provisions of the Tennessee statute, dismissal of the FTCA claim under Count 1 is inevitable because Plaintiff did not file the necessary good faith certificate along with the complaint.  He possesses all the medical records relevant to this claim.  The requirements of § 122 apply equally to represented and unrepresented parties.  Without a timely-filed good faith certificate, **Count 1** fails to state a claim upon which relief may be granted, and

shall be dismissed on that basis. The dismissal shall be with prejudice as mandated by the applicable Tennessee law.

### B. Count 2 – Kentucky FTCA Claim against Prison Employees

Kentucky law, in contrast, does not impose a similar certificate of merit requirement on a plaintiff at the time of filing the complaint. Rather, a claim for medical malpractice or negligence must be supported by expert testimony when the plaintiff puts on his or her proof. *Matthews v. Robinson*, 52 F. App'x 808, 809-10 (6th Cir. 2002) (FTCA action for medical malpractice and negligence was properly dismissed where plaintiff failed to present expert witness to testify in support of his claim); *see also Christensen v. United States*, Case No. CIV. 11-321, 2014 WL 1513140, at *1 (E.D. Ky. Apr. 16, 2014) (medical negligence claim by inmate of Federal Medical Center-Lexington required expert testimony).

To establish a claim for medical negligence or malpractice in Kentucky, a plaintiff must submit expert testimony showing the following:

> (1) the standard of care recognized by the medical community as applicable to the defendant; (2) that the defendant departed from the applicable standard of care; and (3) that the defendant's departure was a proximate cause of the plaintiff's injuries.

*Williamson v. United States*, Case No. 12-CV-334, 2016 WL 1611464, at *4 (E.D. Ky. Apr. 21, 2016) (citing *Heavrin v. Jones*, Case No. 02-CA-16, 2003 WL 21673958, at *1 (Ky. Ct. App. July 18, 2003)).

At the pleadings stage, Plaintiff's complaint contains sufficient allegations to support his FTCA claim for medical negligence/malpractice based on the actions and inaction of the federal employees at the Federal Medical Center in Lexington. **Count 2** shall therefore proceed for further consideration.

   *C. Count 3 – Kentucky FTCA Claim against University of Kentucky Hospital Medical Providers*

The FTCA contains an "independent contractor" exception. *See United States v. Orleans*, 425 U.S. 807, 813-14 (1976); *Logue v. United States*, 412 U.S. 521, 525-28 (1973). Under this provision, a suit under the FTCA cannot be maintained based on the conduct of persons who are found to be independent contractors rather than federal employees. *See Durbin v. United States*, 996 F.2d 1214 (6th Cir. 1993) (district court lacked subject matter jurisdiction over FTCA suit arising from alleged negligence by independent contractor doctors at the University of Kentucky Medical Center); *McConnell v. Gomez*, Case No. 04-CV-127, 2005 WL 1398114, at *6 (E.D. Ky. June 13, 2005) (dismissing claim brought by federal prisoner injured by alleged negligent treatment at the University of Kentucky Medical Center).

Plaintiff's claims arising from his treatment at the University of Kentucky Hospital may be subject to dismissal under this exception. However, such a determination is premature at this early stage of the case. Further factual development is needed to illuminate this issue, so **Count 3** shall proceed at this time.

**Dismissal of Count 4 – Deliberate Indifference Claim**

Although Plaintiff invoked *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as an additional basis for this action, a *Bivens* claim arises only when a federal inmate alleges a violation of his constitutional rights. It is not necessary to invoke *Bivens* in a lawsuit which is brought pursuant to the FTCA, because the FTCA provides an independent statutory basis for the action. Here, Plaintiff did not include any individual medical providers as Defendants in this action. This indicates to the Court that Plaintiff may not have truly intended to pursue a constitutional claim against the individuals whose conduct he describes in connection with the FTCA claim. Furthermore, Plaintiff did not include any allegations to support a claim that any

individual medical provider knew of a substantial risk of harm to him from a serious medical condition, yet acted or failed to act in disregard of that risk, in violation of the Eighth Amendment.  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

In light of these factors, **Count 4** for deliberate indifference to a serious medical need shall be dismissed without prejudice.  Plaintiff shall note that, if he wishes to pursue an Eighth Amendment *Bivens* claim against any of the individuals involved, he must bring such a claim in the judicial district where the individual defendant may be found, or where the claim arose.  *See* 28 U.S.C. § 1391(b).  The Court expresses no opinion on the merits or timeliness of such an action.

**Disposition**

**COUNT 1** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

As to the remaining FTCA claims in **COUNTS 2 and 3**, The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney

for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 12, 2016**

*s/J. Phil Gilbert*
United States District Judge
